UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER CAMACHO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:03-CV-0247-G |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a petition for habeas corpus relief brought by a state inmate,

Javier Camacho ("Camacho"), pursuant to 28 U.S.C. § 2254.  For the reasons set

forth below, Camacho's petition is denied.

## I.  FACTUAL & PROCEDURAL HISTORY

On September 14, 1998, Camacho, Benny Barron ("Barron" or "Payaso"), and

Judy Soto ("Soto") went to a liquor store.  *Ex parte Camacho*, Application No. 50,632-

03, at 37.[1]  Barron and Soto entered the store to use the bathroom and buy alcohol.

*Id.* at 37-38.  As Soto and Barron left the store, Soto saw Edward Gonzales

("Gonzales") enter the store.  *Id.* at 38.  Camacho and Barron, who were standing

outside the store, told Soto to approach Gonzales and "ask the guy for sex."  *Id.*

When Gonzales came out of the store, Barron approached Gonzales as he was getting

into his truck, pulled out a gun, and told Gonzales to give him his keys.  *Id.*  Barron

and Gonzales fought over the gun.  *Id.*  During the fight, Barron gained control of the

gun, Camacho hit Gonzales on the head with a beer bottle, and Barron shot

Gonzales.  *Id.*  Gonzales later died.  *Id.*  After the shooting, Camacho, Barron, and

Soto ran behind the liquor store to a hotel and fled the scene in a taxicab.  *Id.*

In the taxicab, Barron reached over the front seat, put the cab into park,

grabbed the driver around the neck, and put a gun to his head.  *Id.*  Barron and

Camacho then forced the driver into the backseat with Camacho while Baron drove.

*Id.*  Camacho ordered the driver to get down on the floor and remain there.  *Id.*

When the driver attempted to jump out of the car and escape, Camacho shot him.

*Id.*  Barron drove the taxicab to an alley where he and Camacho wiped the car for

fingerprints.  *Id.*  Soto and Camacho spent the night in a motel and they were

arrested the next day.  *Id.*

---

[1]        These facts are taken from the opinion of the Texas Court of Appeals in
*Camacho v. State*, No. 05-99-01311-CR, 2001 WL 92714 (Tex. App.--Dallas
February 5, 2001, pet. ref'd).

Camacho was charged by indictment with the felony offense of capital

murder.[2]  *Id*. at 29.  Upon his plea of not guilty, Camacho was tried by a jury and

ultimately convicted.  *Id*. at 32.  On July 29, 1999, the court imposed the mandatory

punishment of life in prison.  *Id*.  At trial, Edwardo Dominguez ("Dominguez")

testified he was stopped at a traffic light near the liquor store on the night of the

shooting and saw two Hispanic men struggling with an older Hispanic man near a

pickup truck.  *Id*. at 38.  A female was nearby watching the struggle.  *Id*.  Dominguez

stated that one of the assailants hit the older man with a bottle, the man doubled

over and fell to the ground, and then the two assailants ran away.  *Id*.  Additionally,

Yosef Debas ("Debas"), the liquor store clerk, testified that a Hispanic man and a girl

came into the store on the day of the shooting.  *Id*. at 38-39.  Debas noted that while

the girl was in the bathroom, the man bought a thirty-two ounce bottle of beer and a

bottle of wine.  *Id*. at 39.  While the first man was at the cash register, a second man

_____

[2]       The indictment charged Camacho with causing:

> the death of EDWARD GONZALES, an
> individual, hereinafter called deceased, by
> shooting EDWARD GONZALES with a
> firearm, a deadly weapon, and the defendant
> intentionally did cause the death of the
> deceased while the said defendant was in the
> course of committing and attempting to
> commit the offense of robbery of EDWARD
> GONZALES.

*Ex parte Camacho*, Application No. 50,632-03, at 29.

opened the door and talked to him in Spanish. *Id.* Although Debas did not get a good look at the second man, he identified the first man as Barron. *Id.* Gonzales entered the store just before Barron and the girl left. *Id.* After he left, Debas testified that he heard a large pop, ran outside, and saw Gonzales bleeding. *Id.*

Camacho appealed his conviction to the Fifth Court of Appeals of Texas, which affirmed his conviction on February 5, 2001. *Camacho v. State*, No. 05-99-01311-CR, 2001 WL 92714, at *1 (Tex. App.--Dallas 2001, pet. ref'd). His petition for discretionary review ("PDR") was refused by the Texas Court of Criminal Appeals on June 13, 2001. *See generally* Petition for Discretionary Review (filed April 26, 2001).

Camacho filed his first state writ application on September 12, 2001. *Ex parte Camacho*, Application No. 50,632-01, at 2. The Texas Court of Criminal Appeals dismissed this application on November 14, 2001. *Id.* (cover sheet). On October 3, 2002, Camacho filed his second state writ application. *Ex parte Camacho*, Application No. 50,632-03, at 2. This application was denied without written order by the Texas Court of Criminal Appeals on December 18, 2002. *Id.* (cover sheet).

On February 4, 2003, Camacho filed the instant federal habeas petition. *See generally* Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition"). Camacho asserts the following issues in his federal habeas petition: (1) he was denied the effective assistance of counsel; (2) the evidence was factually insufficient to support his conviction; (3) the evidence is legally insufficient to

- 4 -

support his conviction; and (4) the trial court erred in admitting evidence of an extraneous offense. *Id.* at 7-8.

## II.  RULE 5 STATEMENT[3]

Respondent Douglas Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Dretke"), believes that Camacho has failed to exhaust available state court remedies regarding one or more of the claims presented and that those claims are procedurally defaulted.  Respondent Dretke's Answer with Brief in Support ("Answer") at 4.  Dretke does not, however, move for dismissal on exhaustion grounds.  *Id.* at 5.

## III.  ANALYSIS

### A.  The Legal Standards

#### 1.  *Exhaustion and Procedural Default*

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b)(1)(A), (c); *Fisher v. Texas*, 169 F.2d 295, 302 (5th Cir. 1999).[4]  A Texas prisoner must present his claim to the Texas Court of Criminal

---

[3]      Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts *following* 28 U.S.C. § 2254.

[4]      28 U.S.C. § 2254(b) and (c) provide in pertinent part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

(continued...)

- 5 -

Appeals in a PDR or an application for writ of habeas corpus.  See *Bautista v. McCotter*, 793 F.2d 109, 109-110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 667 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983).  This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state

---

[4](...continued)

> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

### 2. *Standard of Review for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); see also *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it in a objectively unreasonable manner to the facts of the case. *Williams*, 529 U.S. at 407-08; see also *Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc) (per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. 411. All factual determinations made by a state court must be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by the petitioner. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as it did in this case, that is an adjudication on the merits, *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997), which is entitled to the presumption of correctness. See *Singleton v. Johnson*, 178 F.3d 381, 384-85 (5th Cir. 1999).

### B.  Camacho's Grounds for Relief

#### 1.  *Ineffective Assistance of Appellate Counsel*

Camacho contends that his appellate counsel failed to show the court that he did not intend to take the victim's life by raising claims that the evidence was legally and factually insufficient to support his conviction. Petitioner's Amended Memorandum of Law in Support of Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Camacho's Memorandum") at 9-10. Specifically, Camacho urges that although he was convicted under the law of parties, Texas Penal Code

§ 7.02(a)(2), there was insufficient evidence to show that he was a party to the

offense. *Id.* at 11.  Nevertheless, it is clear from the record in the case that Camacho

did not raise this claim in state court.  In his state habeas application, Camacho

simply stated:  "Counsel failed to properly present that I could not have had the

needed intent to kill." *Ex parte Camacho*, Application No. 50,632-03, at 6.  Camacho

did not specifically indicate whether he was referring to his trial counsel or if he was

claiming ineffective assistance by virtue of his appellate counsel's failure to raise a

sufficiency of the evidence claim.  As a result, the state (and apparently the state

court) interpreted Camacho's claim as relating only to his trial counsel. *Id.* at 17.  To

the extent Camacho seeks federal habeas relief on a claim that was never made in the

Texas courts, the court finds that the claim is unexhausted.  See *Finley v. Johnson*, 243

F.3d 215, 219 (5th Cir. 2001).

Camacho, however, cannot return to the Texas courts to cure this deficiency.

The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a

showing of cause, if the applicant urges grounds that could have been, but were not,

raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d, 889, 891 n.1 (Tex.

Crim. App. 1994), *cert. denied*, 513 U.S. 1084 (1995); TEX. CRIM. PRO. CODE art.

11.07, § 4 (Vernon 2005).  This doctrine is an adequate state procedural bar for

purposes of federal habeas review. *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir.

2000); *Emery v. Johnson*, 139 F.3d 191, 194-95 (5th Cir. 1997), *cert. denied*, 525 U.S.

969 (1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998).  Accordingly, federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either:  (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.*, that the petitioner is actually innocent of the crime.  *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20.

Camacho has shown no cause for his failure to present this claim to the Texas Court of Criminal Appeals.  Clearly, the legal and factual bases for this ground for relief were available to Camacho at the time he filed his state habeas application. Camacho has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the requisite probability that he was actually innocent, the petitioner "must support his allegations with new, reliable evidence that was not presented at trial and must show it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Camacho has made no attempt to allege -- much less prove -- that new, reliable evidence exists which, if it had been

presented at trial, would have made it more likely than not that no rational juror

would have found him guilty.  Accordingly, the procedural default doctrine bars

federal habeas review of Camacho's claim of ineffective assistance of appellate

counsel.

Additionally, the court finds that Camacho's claim is without merit.  It is

without question that a criminal defendant has a constitutional right to the effective

assistance of counsel.  *See* U.S. CONST. amends. VI, XIV; *Evitts v. Lucey*, 469 U.S.

387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  An

ineffective assistance claim is governed by the standards set forth in *Strickland*.  To

establish ineffective assistance of counsel, a petitioner must show:  (1) that counsel's

performance fell below an objective standard of reasonableness, and (2) that but for

counsel's deficient performance, the result of the proceeding would have been

different.  *Id*. at 687-88.  When applying this standard, a court must indulge a strong

presumption that counsel's conduct fell within the wide range of reasonable

professional assistance or sound trial strategy.  *Id*. at 688-89.  Judicial scrutiny of

counsel's performance must be highly deferential and every effort must be made to

eliminate the distorting effects of hindsight.  *Id*. at 689.

Claims of ineffective assistance of appellate counsel are also governed by the

*Strickland* standard.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  To establish

deficient performance, Camacho must show that counsel unreasonably failed to

discover and raise nonfrivolous issues.  *Id*.  However, appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  *Id*. at 288 (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).  To establish prejudice, Camacho "must show a reasonable probability that, [but for counsel's error], he would have prevailed on his appeal."  *Id*. at 285-86 (citing *Strickland*, 466 U.S. at 694).  To meet this prong, he must show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present."  *Id*. at 288.

Camacho claims that his appellate counsel failed to show that he did not intend to take Gonzales' life by raising claims that the evidence was factually and legally insufficient to support his conviction.[5]  Camacho's Memorandum at 9-10. Nevertheless, an assertion that the evidence was legally insufficient to support Camacho's conviction would not have succeeded on appeal.  To review the legal sufficiency of the evidence, a court must consider whether, viewing all the evidence "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (emphasis in original).  All credibility choices

---

[5]      Camacho's factual insufficiency claim will not be addressed in this section or proceeding sections because it is not cognizable in a federal habeas corpus proceeding.  When reviewing applications for habeas corpus, federal courts will only review allegations of deprivations of federal rights.  *Fox v. Johnson*, No. 4:00-CV-291-Y, 2001 WL 432247, at *2 (N.D. Tex. Apr. 20, 2001), *adopted*, 2001 WL 540215 (N.D. Tex. May 17, 2001); *see* 28 U.S.C. § 2254(a).

and conflicting inferences are to be resolved in favor of the fact-finder. *United States v. Cyprian,* 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied,* 531 U.S. 822 (2000). This court must determine if the evidence is constitutionally sufficient to support the conviction, *i.e.,* whether the evidence satisfied the "substantive elements of the criminal offense as defined by state law." *Brown v. Collins,* 937 F.2d 175, 181 (5th Cir. 1991) (quoting *Jackson,* 443 U.S. at 324 n.16). In addition, a federal habeas court must give great deference to a state court's determination of the sufficiency of the evidence and an appellate court's review of the sufficiency of the evidence. *Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993), *cert. denied,* 510 U.S. 1141 (1994); *Parker v. Procunier,* 763 F.2d 665, 666 (5th Cir.), *cert. denied,* 474 U.S. 855 (1985). This court need not find that the evidence excluded every reasonable hypothesis of innocence or was wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could have found that the evidence, whether direct or circumstantial, and all reasonable inferences drawn from it, established guilt beyond a reasonable doubt. *United States v. Salazar,* 958 F.2d 1285, 1294 (5th Cir.), *cert. denied,* 506 U.S. 863 (1992).

Camacho argues that he is not guilty of capital murder because he did not make "an agreement with Payaso to rob the victim or to kill him." Camacho's Memorandum at 12. This argument ignores the fact, however, that by hitting Gonzales with a bottle, Camacho aided Barron in the commission of the offense and

- 13 -

his actions clearly allowed Barron to kill Gonzales.[6]  IV Statement of Facts ("S.F.") at

23-24; *see also* Camacho's Memorandum at 12-13 ("When Payaso made this demand

a struggle ensued, at which time [Camacho] approached the man and hit him with a

bottle.").  Furthermore, Camacho shot and killed the taxicab driver while he and his

co-defendants were in flight immediately after the offense.  IV S.F. at 28-32.  As these

facts demonstrate, Camacho aided Barron in the commission of the offense and the

evidence is thus sufficient to support his conviction.

Based on the record, it is clear that Camacho's claim that the evidence is legally

insufficient to support his conviction lacks merit and would not have succeeded on

---

[6]     The jury charge in Camacho's case told the jury:

> All persons are parties to an offense who are
> guilty of acting together in the commission of
> an offense.  A person is criminally responsible
> as a party to an offense if the offense is
> committed by his own conduct, by the
> conduct of another for which he is criminally
> responsible, or by both.
>
> A person is criminally responsible for an
> offense committed by the conduct of another
> if, acting with intent to promote or assist the
> commission of the offense, he solicits,
> encourages, directs, aids, or attempts to aid
> the other person to commit the offense.  Mere
> presence alone will not constitute one a party
> to an offense.

Transcript (filed on November 2, 1999 in *Camacho v. State*, No. 05-99-1311-CR in
the Texas Court of Appeals) at 43.

appeal.  Camacho cannot, as a result, satisfy the *Strickland* requirements.  *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994); *Cantu v. Collins*, 967 F.2d 1006, 1017 (5th Cir. 1992), *cert. denied*, 509 U.S. 926 (1993); *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992).

## 2.  *Legal Insufficiency of the Evidence*

Camacho contends that the evidence is legally insufficient to support his conviction because he was not guilty under the law of the parties.  *See* Camacho's Memorandum at 14-17; Petition at 7.  In his state petition, Camacho argued: "The fatal shot was fired by another, was fired while I was just trying to get the deceased to stop fighting."  *Ex parte Camacho*, Application No. 50,632-03, at 6.  Since the specific argument advanced by Camacho in his federal habeas petition differs in substance from the one in his state petition, it is clear that his claim is unexhausted. Additionally, Camacho concedes that his claim is procedurally defaulted because he raised it for the first time in his state habeas petition.  Camacho, however, argues that he can prove both cause and prejudice and a miscarriage of justice to overcome this procedural bar.  Camacho's Memorandum at 4-5.

In Texas, it is well established that sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus.  *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App.), *cert. denied*, 454 U.S. 943 (1981); *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim.

App. 1994) (en banc). The Fifth Circuit has also recognized this state procedural bar. See *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).  In this case, Camacho did not raise the issue of insufficiency of the evidence during the direct appeal of his state conviction.  Camacho did, however, raise the issue in his petition for state habeas relief.  Since Camacho's state habeas application was denied, the Texas Court of Criminal Appeals clearly applied a procedural bar.

When a state court denies a prisoner's claims based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate:  (1) cause for the default and prejudice as a result of the alleged violation of federal law, or (2) a resulting fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750-51.  Camacho has not offered any persuasive reason for his failure to raise his insufficiency of the evidence claim on direct appeal.  Although Camacho does argue that he has cause for the procedural default because his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support his conviction, this argument is without merit.  The representation Camacho received from appellate counsel has not been shown to be ineffective, see *supra* III.B.1, and as a result, this assertion cannot serve as cause for Camacho's default. Camacho having failed to establish sufficient cause for his failure to present this claim

in the earlier direct appeal, this court need not consider the matter of prejudice. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

To obtain habeas relief due to a manifest miscarriage of justice, Camacho must show that a constitutional violation prevented him from showing his actual innocence. *Ellis v. Collins*, 956 F.2d 76, 80 (5th Cir.), *cert. denied*, 503 U.S. 915 (1992). Camacho's remaining claim does not allege that a constitutional violation either brought about or contributed to his conviction or prevented him from proving his innocence. Thus, Camacho has failed to establish any basis on which to avoid the procedural default bar which precludes consideration of his claim of insufficiency of the evidence.

### 3. *Admission of Evidence -- Extraneous Offenses*

Camacho argues that his right to due process was violated when evidence of the aggravated robbery against the taxicab driver was admitted against him during trial. Camacho's Memorandum at 19. Nevertheless, Camacho did not assert a due process or federal constitutional violation in his PDR. Moreover, he did not raise a due process or other federal constitutional claim in his state writ application. *Ex parte Camacho*, Application No. 50,632-03, at 7. Therefore, the federal constitutional claim Camacho attempts to raise here is unexhausted under *Wilder v. Cockrell*, 274 F.3d 255, 260-61 (5th Cir. 2001) ("It is not enough . . . that a somewhat similar state-law claim was made.") (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Since

Camacho has advanced an argument based on a legal theory distinct from that relied on in state court, he has failed to satisfy the state exhaustion requirement. *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983), *cert. denied sub nom.*, *McKaskle v. Vela*, 464 U.S. 1053 (1984).

Alternatively, the court concludes that this claim is without merit. In habeas actions, federal courts do not sit to review the mere admissibility of evidence under state law. *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118 (1999). However, state courts' evidentiary rulings warrant habeas relief when errors are so extreme that they constitute a denial of fundamental fairness under the Due Process Clause. *Id*. In other words, habeas relief is warranted only when erroneous admission or exclusion played a crucial, critical, and highly significant role in the trial. *Pemberton v. Collins*, 991 F.2d 1218, 1227 (5th Cir.), *cert. denied*, 510 U.S. 1025 (1993); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983), *cert. denied*, 469 U.S. 873 (1984). As noted by the state court of appeals, the extraneous offense evidence was properly admitted under state law. *Camacho*, 2001 WL 92714, at *3. Camacho has failed to establish that the evidence in question was inadmissible and that its prejudicial misuse was so fundamentally unfair as to constitute a denial of due process at his state trial. The state habeas corpus court implicitly so found, and Camacho has failed to overcome the presumption of correctness of that finding. *See* 28 U.S.C. § 2254(e)(1). Under the circumstances presented here, this court is unable

to conclude that the extraneous offense error complained of, if indeed it was error, was of such a magnitude as to violate due process and justify federal habeas relief. Camacho has not shown that he was denied a fundamentally fair trial by the admission of the evidence. See, *e.g.*, *Hopkins v. Cockrell*, 325 F.3d 579, 583-85 (5th Cir.), *cert. denied*, 540 U.S. 968 (2003); *Barnes v. Johnson*, 160 F.3d 218, 224-25 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118, (1999); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983), *cert. denied sub nom.*, *Porter v. McKaskle*, 466 U.S. 984 (1984).

## IV.  CONCLUSION

In sum, the record reflects that Camacho has not exhausted his state court remedies in a procedurally correct manner with respect to the claims presented. Since the state court has not been afforded a fair opportunity to consider the merits of Camacho's claims, the claims are unexhausted for purposes of federal habeas review. Further, the court concludes that all of Camacho's asserted grounds of relief lack merit. For the reasons discussed above, Camacho's federal petition for habeas corpus relief is **DENIED**.

**SO ORDERED**.

April 29, 2005.

_____

A. JOE FISH

CHIEF JUDGE